IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION


RONNIE DYSON,

      Plaintiff,

v.                                                                              CASE NO. 1:11-cv-133-MP-GRJ


ATLANTIC BEACON REALTY, et al.

      Defendants.

_____/


## REPORT AND RECOMMENDATION

Plaintiff initiated this case by filing a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1331 against three named Defendants, and seeks leave to proceed as a pauper.  Docs. 1 and 2.  Plaintiff is a resident of Gainesville, Florida, and according to the Complaint all of the Defendants reside in Richmond, Virginia.  Plaintiff's claims stem from a home he rented at 1509 Perry Street, Richmond, Virginia.  According to the Complaint, the home was infested with cockroaches and squirrels, the home was unsanitary, and the insulation was insufficient under state building codes.  The Defendants are a realty company, the property manager, and a Richmond law firm.  Plaintiff conclusionally alleges that Defendants violated his rights under the Americans with Disabilities Act, the Fair Housing Act, the Civil Rights Act of 1991, and other statutes.  Doc. 1.

Plaintiff's complaint suffers from several defects.  First, Plaintiff failed to sign the Complaint.  More importantly, there are no factual allegations in the Complaint that provide any basis for invoking federal jurisdiction.  Although Plaintiff alleges that certain

federal rights have been violated, even liberally construed it is clear that the factual allegations establish nothing more than a garden variety landlord-tenant dispute that is governed by state law.

Even if Plaintiff asserted a cognizable federal claim, venue is improper in this Court.  Venue is proper in a civil action not founded solely on diversity only in a judicial district: (1) where any defendant resides, if all defendants reside in the same state; (2) where a substantial part of the events giving rise to the claims occurred; or (3) where any defendant may be found, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b).  The allegations of the Complaint reflect that all of the Defendants reside in Richmond, Virginia, and that all of the events giving rise to the claims occurred in Richmond, Virginia.  Richmond, Virginia, is within the jurisdiction of the United States District Court for the Eastern District of Virginia, Richmond Division. Accordingly, this case should have been filed in that District.  *See* 28 U.S.C § 1391(b).

Pursuant to 28 U.S.C. § 1406(a) where, as here, a case has been filed in the wrong venue, "[T]he district court of a district in which is filed a case laying venue in the wrong ... district shall dismiss, or if it be in the interest of justice, transfer such case to any district ... in which it could have been brought."   In view of the fact that Plaintiff's allegations state no cognizable basis for exercising federal jurisdiction, transfer of this case would not be in the interests of justice.

In light of the foregoing, it is respectfully **RECOMMENDED** that pursuant to 28 U.S.C. § 1915(e)(2) leave to proceed as a pauper be **DENIED**, and that this case be **DISMISSED** for failure to state a claim upon which relief may be granted.

**IN CHAMBERS** at Gainesville, Florida, this 11th day of July 2011.


*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge


### NOTICE TO THE PARTIES

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**